**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SPECIALTY BUILDERS
INSURANCE COMPANY,

     Plaintiff,

v.                                                                     Case No. 3:26-cv-891-MMH-SJH

SCHAAK SERVICES,
INCORPORATED, d/b/a CTS
CUSTOM HOME BUILDERS, INC.,
et al.,

     Defendants.

---

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On April 16, 2026, Plaintiff,

Specialty Builders Insurance Company (Builders), initiated this action by filing

a six-count Complaint for Declaratory Judgment (Doc. 1; Complaint) against

Defendants Schaak Services, Incorporated (SSI), Clifford Thomas Schaak, Joe

McGhee, Jr., and Tanya Wall. In the Complaint, Builders seeks a declaratory

judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to

establish that it has no duty to defend or indemnify SSI or Schaak in an

underlying state court action arising out of SSI and Schaak's allegedly botched

remodel of McGhee and Wall's (the "Homeowners") home. <u>See generally</u>

Complaint.[1] To support the Court's exercise of subject matter jurisdiction over this action, Builders invokes 28 U.S.C. § 1332, the diversity statute. Id. ¶ 10.[2] Upon review of the Complaint, however, the Court is unable to determine whether § 1332(a)(1)'s amount in controversy requirement is met, and for that reason, the Court is unsure whether it can exercise subject matter jurisdiction over this action. Accordingly, the Court will direct Builders to provide additional information demonstrating that the amount in controversy requirement is met.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a

---

[1] The Homeowners are the plaintiffs in the underlying state court action; SSI and Schaak are defendants in that action. See Complaint ¶ 25.

[2] In relevant part, 28 U.S.C. § 1332(a) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"

given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

"An action under the Declaratory Judgment Act, 'does not, of itself, confer jurisdiction upon the federal courts'; therefore, 'a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.'" Sellers v. Nationwide Mut. Fire Ins. Co., 968 F.3d 1267, 1273 (11th Cir. 2020) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). When a party invokes diversity jurisdiction for a declaratory judgment action, the amount in controversy is "the value of the object of the litigation" to the plaintiff. Ericsson GE Mobile Comms., Inc. v. Motorola Comms. and Elecs., Inc., 120 F.3d 216, 218–220 (11th Cir. 1997).

In this action, Builders seeks to avoid spending money defending or indemnifying SSI and Schaak in the underlying state court action. See Complaint ¶¶ 2, 55, 65, 75, 83, 87, 91, 95, 97. In an attempt to establish the amount in controversy, Builders relies on the potential costs of indemnification. Id. ¶¶ 22, 25, 32, 35, 36. But the Court doubts whether Builders's action is ripe

as to the costs of indemnification. See Sullivan v. Everett Cash Mut. Ins. Co., No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (per curiam) ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party.");[3] see also Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960).[4] Thus, the Court likely cannot consider these costs when determining whether the amount in controversy is met. Sullivan, 2023 WL 1521579, at *4.

As to providing the defenses, Builders gives no information to establish its potential costs. Therefore, the Court cannot determine what the value to Builders would be of a declaration that it is not obligated to defend SSI and Schaak. Without that information, the Court cannot determine whether the amount in controversy in this action exceeds $75,000. See 28 U.S.C. § 1332(a)(1); see also Sullivan, 2023 WL 1521579, at *3–4; Four Season Trucking Inc. v. Grange Mut. Cas. Co., No. 23-12013, 2024 WL 1635692, at *2

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(11th Cir. Apr. 16, 2024) ("The question presented in this declaratory judgment action is whether there is a duty to defend … . Thus, the amount in controversy is determined by the value of the total cost of the defense of the [underlying personal injury] case[.]"). As such, the Court will provide Builders an opportunity to provide additional information as to the costs of defending SSI and Schaak.[5]

Accordingly, it is

**ORDERED:**

---

[5] Builders alleges that before the Homeowners filed the underlying state court action, the Building Inspection Division of the City of Jacksonville filed an administrative complaint against Schaak. See Complaint ¶ 12. According to Builders, this administrative complaint eventually led to the Construction Trades Qualifying Board of the City of Jacksonville ordering Schaak "to make the Homeowners whole in the amount of $125,050.00." Id. ¶ 22; see also Exhibit B (Doc. 1-2). It does not appear that, in the underlying state court action, the Homeowners seek to enforce the administrative complaint directly. See Exhibit C (Doc. 1-3) (in the state court complaint, the Homeowners bring claims for breach of contract and negligence against Schaak and SSI). However, to the extent Builders seeks to establish the amount in controversy with the potential costs of indemnification based on the administrative order, see Complaint ¶ 32, Builders may include in its response a memorandum of law demonstrating that the Court can properly consider those costs at this stage of the litigation.

On or before **May 26, 2026**, Builders shall provide additional documentation to support this Court's exercise of subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record